BOLICK, J.,
concurring in the result:
¶22 The dispute here arises from confusion sown by prior opinions that strayed from the plain language of Rule 13.5(e). Although I join my colleagues in the result in this case, I believe we should return to the rule’s original language and make any appropriate changes through our rulemaking process rather than on a case-by-case basis.
*574 ¶23 The relevant text of Rule 13.5(c) reads, “A defendant may challenge the legal sufficiency of an alleged aggravating circumstance by motion filed pursuant to Rule 16.” Two observations about this language are pertinent. First, the rule says nothing about an evidentiary hearing, much less about a “right” to such hearing. Second, it does not indicate a uniform approach to the different types of aggravating circumstances.
¶24 Hence, applying the rule’s simple language, the trial court upon receiving defendant’s Rule 13.5(c) motion properly could have determined the legal sufficiency of the (F)(2) aggravator as a matter of law. Or, if good cause was shown, it could have ordered an evidentiary hearing. The appellate courts could then review that decision for abuse.
¶25 In Chronis, the first case to construe this language, the Court on multiple occasions seemed to recognize the rule’s modest scope. See id., 562 ¶ 15, 208 P.3d at 213 (“Rule 13.5(c) is most reasonably interpreted as allowing for a probable cause healing.”); id. at ¶ 18, 208 P.3d at 213 (“Rule 13.5(c) provides a defendant with an avenue for requesting a probable cause determination.”); and, most unmistakably, id. at 560 ¶ 1, 208 P.3d at 211 (“We hold that [Rule] 13.5(c) permits a defendant in a capital murder ease to request a determination of probable cause as to alleged aggravating circumstances.”). But in the midst of this careful language, the Court unhitched its jurisprudence from the rule by declaring a “right to a probable cause determination,” id. at 562 ¶ 15, 208 P.3d at 213, through a Rule 5 proceeding. Id. at ¶ 18, 208 P.3d at 213. Thus was the “right” to a full-blown “Chronis hearing” born.
¶26 That right gained greater substance in Sanchez, which held that “the trial court must grant a defendant’s timely request for a hearing under Rule 13.5(c), even if the grand jury has previously made a probable-cause determination as to those alleged aggravating circumstances.” 234 Ariz. at 252 ¶ 1, 321 P.3d at 417. Such a hearing, to which “the defendant has a procedural right” triggered by the prosecutor’s notice of intent to seek the death penalty, “permits the defendant to review written statements made by the state’s witnesses, cross-examine those witnesses, and present evidence to rebut the state’s alleged aggravators.” Id. at 254 ¶¶ 14-15, 321 P.3d at 419. Given the Court’s categorical language, it is understandable that defendants and the court of appeals majority believed that Rule 13.5(c), as the Court evolved it in Chronis and Sanchez, required the trial court to independently determine whether probable cause exists for counts underlying the (F)(2) aggravator.
¶27 The Court today walks back its broad interpretation of the rule to a position more consistent with its plain language, holding that at least in the (F)(2) context, a defendant is not necessarily entitled to an eviden-tiary hearing. But it emphasizes that this decision “is not intended to limit the scope of a defendant’s rights under Chronis and Sanchez to a probable cause hearing when appropriate regarding other aggravating circumstances.” Because I do not read Rule 13.5(c) to confer a right to anything other than filing a motion, I cannot join the Court’s opinion.
¶28 Rule 13.5(c) is not constitutionally mandated, but reflects this Court’s policy decision to expand defendants’ rights pursuant to its procedural rulemaking authority under Ariz. Const, art. 6, § 5(5). The rules on their face should fairly reflect the rules in practice. But here, a litigant, lawyer, or trial court could not understand the “meaning” of Rule 13.5(c) without reading three cases that modify either the rule or prior cases modifying the rule. And today’s decision invites additional sequels.
¶29 The rulemaking process allows members of the public to weigh in so that the Court can take into account competing interests and perspectives. Defendants and their amici make a convincing argument that an independent, pre-trial probable cause determination of aggravators is essential because it makes an enormous difference whether a case proceeds with a capital rather than non-capital offense. By contrast, full-blown evi-dentiary hearings may implicate crime victims’ constitutional lights to a speedy trial, and to “have all rales governing criminal procedure ... protect victims’ rights....” See Ariz. Const, art. 2, § 2.1(A)(10)-(11), The original rule, as I read it, appropriately conferred broad discretion on trial courts to *575 determine the merits of a legal sufficiency motion, whether to hold a healing, and the contours of such a hearing. Changes to that rule should be determined in a venue that takes account of all potential ramifications, rather than in an ad hoe setting of an individual case.
¶30 For the foregoing reasons, I respectfully concur in the result with the hope that the rule can be reconsidered in a more appropriate forum, either to affirm the original language or to modify it to more accurately reflect its judicial evolution.